GRANT A. STUCKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stucki v. Commissioner
Docket Nos. 8620-88, 23898-89
United States Tax Court
T.C. Memo 1992-85; 1992 Tax Ct. Memo LEXIS 90; 63 T.C.M. (CCH) 2041; T.C.M. (RIA) 92085; February 11, 1992, Filed *90 Decisions will be entered under Rule 155. Branford E. Henbschel, for petitioner. Sherry Spradley, for respondent. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: In these consolidated cases, respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
1982
$ 36,134.82
$  9,033.71
$ 1,806.74
[1]
$ 3,517.42
$  9,033.71
1983
41,362.45
10,340.61 2,068.12
[1]
2,532.21
10,340.61
After concessions, the sole issue for decision is whether petitioner filed a Federal income tax return for 1982 so as to begin the period of limitations on assessment prescribed by section 6501(a). [1] We hold that petitioner did not file a Federal income tax return for 1982. *91 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated in this opinion. Petitioner resided in Rancho Palos Verdes, California, when he filed his petition in docket No. 8620-88. He resided in Torrance, California, when he filed his petition in docket No. 23898-89. Prior to the consolidation of these two cases, this Court held a separate trial regarding taxable year 1983, docket No. 8620-88. Thereafter, by an order of this Court, we deemed this first trial a separate trial for determining the issues of whether petitioner filed a Federal income tax return for 1983, and whether the statute of limitations prescribed by section 6501(a) barred the assessment of petitioner's 1983 Federal tax liabilities. We then restored docket No. 8620-88 to the general docket for further trial, whereupon we consolidated it with docket No. 23898-89 for purposes of trial, briefing, and opinion. Taxable Year 1982
In 1983, respondent granted petitioner an extension to file his 1982 Federal tax return until October 15, 1983. Because October 15 fell on a Saturday, the due date of petitioner's 1982 return was October *92 17, 1983. See sec. 7503. Respondent has no record of receiving a Federal tax return from petitioner for 1982. On September 13, 1989, respondent issued a notice of deficiency to petitioner for his 1982 tax liabilities. Petitioner submitted to this Court two copies of a prepared 1982 Federal individual income tax return for himself and his wife. When petitioner submitted each of these copies, he claimed the copy represented an actual copy of the return he originally filed with respondent. Both copies appear the same in all respects except that items in the signatory area differ. Petitioner claimed that he mistakenly submitted the first copy and that the second copy was the correct one. Petitioner admitted he used correction fluid on and otherwise tampered with parts of the first submitted copy prior to submitting it to this Court. Petitioner also submitted a certified return receipt as the receipt by which he originally transmitted his 1982 tax return to respondent. Respondent received this receipt, numbered P324316069 and postmarked October 18, 1983, on October 20, 1983, Respondent's official receipt stamp appears on the certified return receipt. At the consolidated trial, *93 Ms. Snowden, petitioner's employee, stated that petitioner showed her his 1982 prepared tax return on or approximately on October 17, 1983. In twice recounting the instance, Ms. Snowden specifically stated that she saw petitioner place the return into an envelope with a return receipt attached and then place the envelope in the outgoing mail. Ms. Snowden has worked for petitioner for 12 years. Petitioner testified that he showed Ms. Snowden his 1982 prepared return, placed it into an envelope, had one of his other employees affix postage, and then placed the envelope in the outgoing mail. Petitioner stated he had Ms. Snowden examine this return in case she ever had to identify it. Mr. Stafford, an employee of respondent for 16 years and a lead tax technician in correspondence examination, testified for respondent. Mr. Stafford personally searched respondent's records to determine whether respondent received a return from petitioner for 1982. His search disclosed that respondent had not received such a return. Mr. Stafford also stated that respondent follows elaborate procedures to ensure that he properly enters and otherwise processes the returns he receives so that he does *94 not lose returns. If respondent does not initially enter a return properly, he would likely be unable to locate a hard copy of the return. In 1982 and 1983, some service centers had problems with computer systems such that respondent's employees had to reenter tax returns. Taxable Year 1983
As of the date of the first trial, respondent had no record of receiving a Federal tax return from petitioner for 1983. By a prior order of this Court, we determined that petitioner did not file a Federal tax return for 1983. Petitioner submitted to this Court three copies of a prepared 1983 Federal individual income tax return for himself and his wife. At the time petitioner submitted each of these copies, he claimed it represented an actual copy of the return he originally filed with respondent. The first submitted copy indicates petitioner had adjusted gross income in 1983 in the amount of $ 36,977, and had overpaid his Federal taxes by $ 3,338. The second copy indicates petitioner had adjusted gross income in 1983 in the amount of $ 36,977, but had neither overpaid nor underpaid his Federal taxes. Petitioner admitted he used correction fluid on and otherwise tampered with parts *95 of this copy prior to submitting it to this Court. The same accounting firm prepared the first two copies, and both copies were typed or printed out by a computer. The third copy indicates petitioner had adjusted gross income in 1983 in the amount of $ 36,977, and had overpaid his taxes by $ 3,338. A different accounting firm prepared this copy than the firm that prepared the first two copies, and this final copy was handwritten. Petitioner also submitted three certified return receipts as the receipt by which he originally transmitted his 1983 tax return to respondent. Respondent received the first receipt numbered P365967901 on May 7, 1985. Respondent received the second receipt numbered P365967894 on October 17, 1984. Respondent received the third receipt numbered P460490423 on November 17, 1984. Taxable Years 1984, 1985, and 1986
In 1985, respondent granted petitioner an extension of time to file his 1984 tax return until August 15, 1985. Respondent's records indicate he received petitioner's 1984 tax return on March 13, 1989. Petitioner stated that he timely filed his 1984 tax return. Regarding taxable year 1985, as of the date of the first trial, respondent *96 had no record of receiving a Federal tax return from petitioner for that year. At this first trial, petitioner stated that he believed he filed a return for 1985. Regarding taxable year 1986, as of the date of the first trial, respondent had no record of receiving a Federal tax return from petitioner for that year. At this first trial, petitioner stated that he filed a return for 1986. OPINION Generally, taxes must be assessed within 3 years after the last day prescribed by law for filing the return on which the tax is reported, or if later, within 3 years after the return is filed. Sec. 6501(a). Where no return is filed, the tax may be assessed at any time. Sec. 6501(c)(3). Petitioner contends that he filed his 1982 Federal tax return on October 18, 1983, as evidenced by the certified return receipt officially stamped received by respondent on October 20, 1983. Petitioner therefore argues that the statute of limitations for assessing his 1982 tax liabilities had expired by the time respondent issued his statutory notice on September 13, 1989. Respondent asserts that he never received a tax return from petitioner for 1982; therefore, petitioner's 1982 tax liabilities may *97 be assessed at any time. Without dispute, respondent received some form of correspondence from petitioner on October 20, 1983. However, we do not believe petitioner's claim that what respondent received on this date was his 1982 tax return. We reach this conclusion for the following reasons. First, given that the record contains a substantial amount of evidence illustrating petitioner's dishonesty and tendency to be deceitful, we do not find petitioner's testimony credible. Petitioner submitted different copies of prepared tax returns to this Court and each time claimed the submitted copy represented a copy of the return he originally filed with respondent for the corresponding year. Petitioner admitted he tampered with one of the copies submitted for 1982. He also admitted he tampered with one of the copies submitted for 1983. Further, for 1983 petitioner submitted three different certified return receipts as the receipt by which he originally transmitted his 1983 tax return. Finally, petitioner lied about timely filing his 1984 tax return and stated he filed tax returns for 1985 and 1986 when respondent's records indicate no such filings. We also do not find Ms. Snowden's *98 testimony highly credible. Because Ms. Snowden has worked for petitioner for 12 years, we do not find her testimony completely objective. Additionally, Ms. Snowden omitted a fact to which petitioner testified. Petitioner stated that he had another employee affix the appropriate amount of postage to the envelope containing his return prior to placing the envelope into the outgoing mail. In twice recounting the instance, Ms. Snowden omitted this fact. Given the foregoing, we found the reliability of Ms. Snowden's testimony questionable. Further, respondent's well-qualified employee, Mr. Stafford, conducted a search of respondent's carefully maintained records and determined that respondent had not received a tax return from petitioner for 1982. As of the date of the first trial, respondent also had no record of receiving tax returns from petitioner for 1983, 1985, or 1986. This Court previously held that petitioner did not actually file a tax return for 1983. The culmination of these facts signifies petitioner's pattern of not filing tax returns. Conceivably, respondent could have lost petitioner's 1982 tax return. However, given the foregoing evidence and the elaborate procedures *99 respondent follows to ensure he properly enters, maintains, and otherwise processes the returns he receives, we simply do not believe respondent lost petitioner's 1982 tax return. Instead, we conclude that respondent never received this return. He never received it because petitioner never filed it. Petitioner argues that , is dispositive of the issue of whether he filed a Federal tax return for 1982. In Jones, the Ninth Circuit held that a presumption of delivery that arose from positive proof that a sender properly mailed an item overcame another presumption that arose from proof that an agency's search for the item in question revealed that the item had not been received. . In the instant case, petitioner has not presented positive proof that he mailed his 1982 tax return. Accordingly, we need not decide whether Jones, specifically applies to the instant case. In sum, because we find petitioner did not file a Federal tax return for 1982, the statute of limitations prescribed by section 6501(a) does not bar respondent from assessing petitioner's 1982 tax liabilities. *100 We note that because petitioner stipulated that the sole issue for decision was whether the section 6501(a) statute of limitations had expired for assessing his 1982 tax liabilities, we need not address his taxpayer protester issue. To reflect concessions and the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩